UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PENNIE IRBY,

      Plaintiff,

v.                                                                          Case No. 05-74469
                                                                        Honorable Patrick J. Duggan

AMERICAN BANKERS LIFE
ASSURANCE COMPANY OF FLORIDA,

      Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on April 19,2006.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

Plaintiff filed this lawsuit seeking to recover benefits under a life insurance policy she alleges Defendant issued covering the life of O.C. Irby, Plaintiff's father. Specifically, Plaintiff alleges in her complaint that Defendant "issued a policy of life insurance covering the Plaintiff's father, O.C. Irby, in the event of his death due to sickness or injury at the rate of $98,000, under policy number 371267689." *See* Compl. ¶ 4. Mr. Irby passed away on May 28, 2002. Presently before the Court is Defendant's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) or, alternatively, for summary judgment pursuant to Federal Rule of Civil Procedure

56(c), filed November 30, 2005.

According to Defendant, it served Plaintiff's attorney with a copy of its motion via regular mail on November 30, 2005. This Court sent a notice to the parties on December 1, 2005, indicating that the motion for judgment on the pleadings or summary judgment had been filed and reminding them of the provisions of Local Rule 7.1, specifically subsection (d) which provides that "[a] response to a dispositive motion must be filed within 21 days after service of the motion. Plaintiff subsequently contacted the Court and requested that the Court delay deciding Defendant's motion until after the March 31, 2006 deadline for discovery set forth in the Court's Scheduling Order. Plaintiff indicated that she would file a response to the motion once discovery closed. Nevertheless, as of the date of this order, Plaintiff has not responded to Defendant's motion.

**Standard for Summary Judgment**

Defendant moves for judgment on the pleadings or, alternatively, for summary judgment. Because the Court is considering matters outside the pleadings to reach its decision, it will apply the standard for summary judgment set forth in Rule 56(c) of the Federal Rules of Civil Procedure.

Pursuant to Rule 56(c), "summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986)(quoting FED. R. CIV. P. 56(c)). "Rule 56(c) mandates

summary judgment . . . against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party bears the burden of proof at trial." *Id.*

Where the non-moving party would have the burden of proof at trial, the moving party ". . . bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553. Once the movant meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986). "[T]he nonmoving party must go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553. To demonstrate a genuine issue, the non-movant must present sufficient evidence upon which a jury could reasonably find for the non-movant; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252, 106 S. Ct. at 2512.

### Applicable Law and Analysis

Pursuant to Michigan law, "[i]t is without dispute that the 'insured bears the burden of proving coverage . . .'" *Heniser v. Frankenmuth Mutual Ins.*, 449 Mich. 155,

161 n.6, 534 N.W.2d 502, 505 n.6 (1995)(quoting *Arco Indus. Corp. v. Am. Motorists Ins. Co.*, 448 Mich. 395, 424-25, 531 N.W.2d 168 (1995)(Boyle, J., concurring)). Defendant contends that Plaintiff cannot satisfy her burden of proof because it never issued a life insurance policy to Mr. Irby. According to Martine Charlier, Defendant's Financial Claims Manager, Defendant conducted a review of its records after Plaintiff filed the present lawsuit and was not able to locate any life insurance policy insuring the life of Mr. Irby. *See* Mot. Att. 1 ¶¶ 2-3. In a file created in connection with Plaintiff's claim for life insurance benefits, Defendant located a Certificate of Insurance that Plaintiff submitted in support of her claim. *See id.* ¶ 4. That certificate, however, was issued by American Security Insurance Company– a separate and distinct entity from Defendant– and the policy reflects insurance on Mr. Irby's dwelling, only. *See id.* & Def.'s Mot. Ex. C at 5.

Defendant notified Plaintiff on at least two occasions that it needed a copy of Mr. Irby's life insurance policy in order to process her claim. *See* Def.'s mot. Ex. C at 10-12. Plaintiff, however, failed to provide any documentation to Defendant. Plaintiff did not attach a copy of the alleged insurance policy to her complaint. As Plaintiff failed to respond to Defendant's motion, she has presented no facts to support her claim that the alleged policy ever was issued.

The Court therefore concludes that Plaintiff has not presented facts to show that Defendant issued a life insurance policy covering Mr. Irby. Defendant therefore is entitled to summary judgment with respect to Plaintiff's complaint for life insurance

benefits.  Accordingly,

> **IT IS ORDERED**, that Defendant's motion for summary judgment is

**GRANTED**.

                                                  s/PATRICK J. DUGGAN
                                                  UNITED STATES DISTRICT JUDGE

Copies to:
Jay Rothstein, Esq.
Noel Beck, Esq.